IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORDELL LINDSEY, JR. and | § | |
| ROBERT L. WILSON | § | |
| | § | CIVIL ACTION NO. _____ |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | JURY |
| HARRIS COUNTY -- CONSTABLE'S | § | |
| OFFICE PRECINCT 3; KEN JONES; | § | |
| and JOHN RAY HARRISON | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

## INTRODUCTION

1.      This is a Civil Action by Plaintiffs Cordell Lindsey, Jr. ("***Lindsey***") and Robert L. Wilson ("***Wilson***") (hereafter collectively referred to as "***Plaintiffs***"), to recover damages arising from Defendant Harris County, more specifically the Constable's Office for Precinct 3, (hereafter sometimes referred to as "***Harris County,***"  "***Precinct 3***" or "***Defendant***") for its violation of federal laws that prohibit discrimination on the basis of race or color and retaliation for engaging in protected activity.  Plaintiffs Lindsey and Wilson additionally bring this action to recover damages arising from the denial of their civil rights and for retaliation for opposing the denial of their civil rights.  In addition, Lindsey brings this action for discrimination he suffered based on his age and for retaliation for opposing age discrimination.

## PARTIES

2.      Plaintiffs.  Cordell Lindsey and Robert Wilson are citizens and residents of Harris County, Texas.

3.      Defendants.  Harris County – Constable's Office Precinct 3 is a public agency in the state of Texas.  It can be served with process by serving County Judge Ed Emmett at 1001 Preston, Suite 911, Houston, Texas 77002.

Ken Jones currently serves as Constable for Precinct 3, and is a citizen and resident of Texas.  Constable Jones can be served at 701 Baker Road, Baytown, Texas 77521.

John Ray Harrison currently serves as an Assistant Chief for Constable Jones, and is a citizen and resident of Texas.  Deputy Constable Harrison can be served at 701 Baker Road, Baytown, Texas 77521.

## JURISDICTION AND VENUE

4.      **Personal Jurisdiction**.  This Court can exercise jurisdiction over Harris County – Constable's Office Precinct 3, and Defendants Jones and Harrison as their actions are within the state.  Further, the specific acts complained of took place, in whole or in part, in Texas.

5.      **Subject Matter Jurisdiction**.  This Court can exercise subject matter jurisdiction under 42 U.S.C. §1981, 42 U.S.C. §2000e, 29 U.S.C. §621 *et seq.*, and 28 U.S.C. §1331.  Specifically, Plaintiff's claims against the Defendants for violating the laws prohibiting discrimination and retaliation arise under 29 U.S.C. §621 *et seq.*, 42 U.S.C. §1981, and 42 U.S.C. §2000e *et seq*. Thus, the claims at issue present a federal question.

All conditions precedent for filing this matter have already occurred.  Specifically, Plaintiffs have already exhausted their administrative remedies in their Title VII claims.  Lindsey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 19, 2014 and Wilson filed a charge on or about April 7, 2014.

The EEOC has issued Right to Sue Letters in both matters.  The EEOC's Right to Sue Letter for Lindsey was dated December 10, 2014, and the Right to Sue Letter for Wilson was dated February 5, 2015.

6.    **Venue**.  Venue is appropriate in this district and division as Defendant's principal place of business is in the district and division.  Further, the acts complained of occurred, in whole or in part, within this district and division.

## FACTS

Background:  Common Facts

7.    Both Lindsey and Wilson were employed by Defendant Precinct 3 until having their employment terminated in approximately the Summer of 2013.

8.    Both Plaintiffs are of African American descent and are Black.

9.    During their tenure as employees of Precinct 3, Plaintiffs were treated less favorably than non-African Americans and non-Black employees in the terms and conditions of their employment.

10.   Plaintiffs were treated less favorably than non-Black and non-African American employees in a number of different ways, including but not limited to:

      a.    Pay;

      b.    Promotions;

      c.    Work assignments;

      d.    Outside work; and

      e.    Disciplinary actions.

11.   For example, officers who are not African American or Black were regularly paid for working their shifts even when they were not performing Precinct 3 business. These

3

situations include, but are not limited to, when officers did not report to work and when they reported to work but did political and/or campaign work instead of Precinct 3 business.

12.     Precinct 3 also would not assign African American and/or Black officers to the overnight shift.  It was well known that officers working the overnight shift performed a number of non-Precinct 3 business, including being required to perform personal work for the commanding officers, and/or were allowed to go home and sleep.  The officers still received their regular Precinct 3 pay for this time.  Upon information and belief, one of the lead officers over the night shift (who is Caucasian) said that "no n----- will ever be allowed to assign to night shift" – in a refrain that sounds eerily similar to an infamous fraternity videotape.

13.     The less favorable treatment and discrimination, including, but not limited to, the actions described above, created a hostile work environment against African American and/or Black employees at Precinct 3.

14.     Precinct 3's actions constituted a pattern and practice of discriminatory treatment of Plaintiffs, as well as other African American and/or Black employees.

<u>Background:  Facts Specific to Cordell Lindsey, Jr.</u>

14.     Lindsey began employment with Precinct 3 in 2002.

15.     The last position that Lindsey held with Precinct 3 was as a Lieutenant, which he attained on March 15, 2010.

16.     Lindsey was over forty years of age during his employment with Precinct 3.

17.     Throughout Lindsey's time at Precinct 3, officers who are Caucasians and are younger than him were promoted and received pay according to their rank. By contrast, when Lindsey received a promotion, he was told that his pay increase would occur later.

18.     Though he had held the title of Lieutenant since 2010, at the time of his separation

4

from Precinct 3, Lindsey was still not being paid the same pay as the Lieutenants who are Caucasian and who are younger.

19.     In early May 2013, Lindsey expressed his opposition to less favorable treatment that he and other African American and/or Black officers were subject to in relation to non-African American and White officers.

20.     Shortly thereafter, Lindsey was told that an investigation was being conducted against him because of a citizen complaint.  Lindsey was notified of this complaint by Assistant Chief Harrison who also told Lindsey that if he found out that there was anything wrong, he was going to put "[Lindsey's] black a-- in jail."

21.     On May 24, 2013, Constable Jones terminated Lindsey from his employment with Defendant based on a pretextual reason.

22.     Based on information and belief, Precinct 3 hired a younger, non-African American, non-Black individual to fill Lindsey's former position.

Background:  Facts Specific to Robert Wilson

23.     Wilson began employment with Precinct 3 at the beginning of 2011.

24.     Though Wilson regularly performed supervisor duties, the last position that he held with Precinct 3 was as a Deputy.

25.     Based on information and belief, officers who are Caucasians were promoted and received pay according to their rank and certification.  However, when Wilson achieved his Master Peace Officer certification, Wilson was told that he would have to wait for the pay increase that comes with this certification.

26.     Many of the officers at Precinct 3 sought to do other work during the time that they were not on duty so that they could better provide for their families.  In the Spring of 2013,

Wilson was directed to and forced to give up his outside job by Assistant Chief Harrison. By contrast, accommodations on schedules were made so that Caucasian officers could prepare for and perform their outside jobs.

27.     Though Wilson gave up his outside job, he protested against why he was being treated less favorably than non-Black and non-African American deputies with regard to being allowed to maintain outside employment and having such work accommodated.

28.     After he had already had to give up his outside employment while Caucasian officers were not told that they had to do so, Constable Jones terminated Wilson's employment with Precinct 3 on June 25, 2013.

29.     The reason given Wilson for his termination was that he had allegedly received payment for work that he had not done. However, based on information and belief, when non-Black and non-African American officers were accused of having received pay for work that they had not done, they were allowed to correct any overpayments and not subjected to disciplinary action of any sort.

30.     Based on information and belief, after Wilson's employment was terminated, hi position at Precinct 3 was filled by a Caucasian individual.

## CAUSES OF ACTION

Violations of Title VII (Race and Color) – by Both Plaintiffs

31.     Plaintiffs incorporate the allegations made in Paragraph 1 through 30 as if fully set forth herein.

32.     As described above, Defendant Precinct 3 discriminated against Plaintiffs with respect to their compensation, terms, conditions and/or privileges of employment because of their race (African American) and color (Black).

33.     Furthermore, Defendants engaged in an unlawful employment practice by subjecting Plaintiffs to a hostile work environment due to their race and color.

34.     Defendants engaged in the discrimination and/or the unlawful employment practices described above with malice or with reckless indifference to the federally protected rights of Plaintiff.

Violations of Title VII (Retaliation) – by both Plaintiffs

35.     Plaintiffs incorporate the allegations made in Paragraphs 1 through 34 as if fully set forth herein.

36.     As described above, Defendants retaliated against Plaintiffs with respect to their compensation, terms, conditions, and/or privileges of employment because they engaged in activity protected by Title VII, including but not limited to, opposing discriminatory and/or retaliatory employment practices and treatment.

37.     Furthermore, Defendants violated Title VII by allowing Plaintiff's engagement in activity protected by that statute to be a motivating factor for their unlawful treatment of the Plaintiffs, including, but not limited to Defendants' termination of Plaintiffs.

38.     Defendants engaged in the unlawful retaliation described above with malice or with reckless indifference to the federally protected rights of Plaintiffs.

Violation of 42 U.S.C. §1981 (Discrimination) – by both Plaintiffs

39.     Plaintiff incorporates the allegations made in Paragraphs 1 through 38 as if fully set forth herein.

40.     As described above, Defendants engaged in conduct that impaired Plaintiffs from their right to make and enforce contracts, including the making, performance, modification, and/or termination of contracts, and/or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship,  on the basis of their race and color.

41.     Defendants engaged in the discrimination and/or the unlawful employment practices described above with malice or with reckless indifference to the federally protected rights of Plaintiffs.

Violation of 42 U.S.C. §1981 (Retaliation) – by both Plaintiffs

42.     Plaintiffs incorporate the allegations made in Paragraphs 1 through 41 as if fully set forth herein.

43.     As described above, Defendants retaliated against Plaintiffs for complaining about Defendants' conduct that impaired Plaintiffs from their right to make and enforce contracts, including the making, performance, modification, and/or termination of contracts, and/or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship,  on the basis of their race and color.

44.     Defendants engaged in the retaliation and/or the unlawful employment practices described above with malice or with reckless indifference to the federally protected rights of Plaintiffs.

Violation of 42 U.S.C. §1983 – by both Plaintiffs

45.     Plaintiff incorporates the allegations made in Paragraphs 1 through 45 as if fully set forth herein.

8

46.     As described above, Defendants under color of law subjected Plaintiffs or caused Plaintiffs to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution and/or laws.

47.     Defendants engaged in such conduct that deprived Plaintiffs of rights, privileges or immunities secured by the Constitution and/or laws, as described above, with malice or with reckless indifference to the federally protected rights of Plaintiffs.

Violations of Age Discrimination in Employment Act (Discrimination and Retaliation) – by Lindsey

48.     Plaintiffs incorporate the allegations made in all of the preceding paragraphs as if fully set forth herein.

49.     As described above, Defendants discriminated against Plaintiff with respect to his compensation, terms, conditions and/or privileges of employment and took adverse action against Plaintiff because of his Plaintiff's age and/or because he opposed discrimination based on his age.

50.     Defendant's actions were in violation of 29 U.S.C. §621 et seq.

51.      Defendants willfully engaged in the discrimination and/or the unlawful employment described above.

## JURY DEMAND

52.     Plaintiffs respectfully request that this matter be tried before a jury.

## PRAYER

53.     Plaintiffs Cordell Lindsey, Jr. and Robert L. Wilson respectfully pray that Defendant Harris County – Constable's Office Precinct 3, Ken Jones, and John Ray Harrison be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Lindsey and Wilson against Defendants and that Plaintiffs be awarded the following:

9

A.   Back pay;

B.   Compensatory damages;

C.   Front pay;

D.   Liquidated damages;

E.   Reasonable attorneys' fees and expenses;

F.   Pre-judgment interest;

G.   Post-judgment interest;

54.   Plaintiffs further request all other relief to which they are justly entitled, whether in law or in equity.

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

By:   ____/s/ David J. Quan_____
David J. Quan
Texas Bar No. 16422300
Federal Bar No. 20073
Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 225-5300
Facsimile: (713) 222-0101
dquan@davidquanlaw.com

ATTORNEY FOR PLAINTIFFS CORDELL
LINDSEY, JR. and ROBERT WILSON